FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JAN 1 8 2006
DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JUAN AND CUPERTINA ESPINOZA, INDIVIDUALLY AND AS NEXT FRIEND OF ALEJANDRA ESPINOZA | § § § § | CIVIL ACTION NO. 2-05cv-106 |
| VS. | § § | (DAVIS) |
| BOBIE G. MOORE | § | JURY DEMANDED |

## AGREED FINAL JUDGMENT

On this day came on to be heard the above entitled and numbered cause between Plaintiffs, Juan and Cupertina Espinoza, Individually and as Next Friend of Alejandra Espinoza, said Minor also acting through Richard Grainger, her duly appointed Guardian Ad Litem, and Defendant, Bobie G. Moore, and all parties announced to the Court that, subject to the approval of the Court, all matters in controversy herein as between the parties have been compromised and settled.

After examining the pleadings and hearing the evidence presented by the parties in regard to the occurrence and incident complained of in Plaintiffs' pleadings and the resulting injuries and damages alleged and the manner in which those injuries were alleged to have been received, and the nature, extent and effect of the same, and after considering all of the relevant facts and circumstances and having read the Minor Settlement Agreement and Release, signed and executed herein, the Court is of the opinion and finds that a genuine dispute as to liability and damages exists; that the Plaintiffs are fully informed with respect to those facts; that said settlement is under all of the circumstances fair and reasonable; that

such settlement is in the best interest of the Plaintiffs and that therefore such settlement should be and the same is hereby approved.

The Court further finds after hearing all of the evidence, that the settlement consideration, herein set forth are paid in full and final settlement of all claims of the Plaintiffs, and that said present and future payments include Plaintiffs' attorneys' fees payable to Christopher Ayres.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the settlement entered into by the parties as set forth in the Compromise Settlement Agreements signed and executed herein, are approved and ratified in all respects.

The Defendant, Bobie G. Moore, and his insurance carrier, Southern Farm Bureau Casualty Insurance Company, have agreed to make the following periodic payments to Alejandra Espinoza, on the dates specified below, as compensation for personal injuries.

### Alejandra Espinoza

A.  The sum of **$29,300.00** to be paid at time of settlement on behalf of **Alejandra Espinoza**; and

B.  In consideration for this settlement, RELEASEE and COMPANY hereby agree to pay to Alejandra Espinoza the following annual payments as specified below:

> **The sum of $7,500.00 annually for four (4) years certain beginning April 16, 2006, with all future annual payments continuing thereafter, payable on April 16th of each year until April 16, 2009.**

C.  In consideration for this settlement, RELEASEE and COMPANY hereby agree to pay to **Alejandra Espinoza** the following lump sum on the date specified below:

| Payments | Month, day year | Age |
|---|---|---|
| **$22,710.00** | **April 16, 2013** | **25** |

D.   In the event of the death of **Alejandra Espinoza** prior to **April 16, 2013**, (date of last guaranteed payment) any and all remaining payments shall continue to be paid as they fall due to The Estate of Alejandra Espinoza.

The Court finds that the Compromise Settlement Agreement executed by the parties and their respective attorneys herein provides that the Defendant's obligation for the periodic payments due on the above stated dates, may be totally satisfied by the payment of the above specified amounts on the dates payable.

The obligation for the periodic payments has been assigned to **Allstate Assignment Company** who will purchase the structured settlement annuity from **Allstate Life Insurance Company**. Under the terms of the "qualified assignment," **Allstate Assignment Company** will be the owner of such annuity contract and have all rights of ownership in such annuity and such annuity contract shall, by its terms, provide for payments herein ordered by this Court.

It is further ORDERED by the Court that the entry of this Agreed Judgment, payment of the aforementioned cash amount, and by Defendant and Southern Farm Bureau Casualty Insurance Company's assumption of their obligations for future payments, or assignment thereof, shall fully release and forever discharge Defendant and Southern Farm Bureau Casualty Insurance Company from any further liability to Plaintiff for any claims or causes of action arising out of the occurrence in question.

It is further ORDERED by the Court that when Defendant and Southern Farm Bureau Casualty Insurance Company have made the assignment of its duties to make future and periodic payments as provided for herein, the Assignee shall be the sole obligor with respect to the obligations assigned and that Defendant and Southern Farm Bureau Casualty Insurance Company, and their respective agents, principals, servants, employees, attorneys, insurers, reinsurers or representatives, all and each of them, shall stand fully and finally and forever acquitted and discharged of and from any and all claims, demands or causes of action arising out of or based on the occurrence in question or that could be based on the occurrence in question.

IT IS FURTHER ORDERED by the Court that the action of Richard Grainger in appearing herein as Guardian Ad Litem for the Minor Plaintiffs, be, and the same is hereby in all things confirmed and approved, and said Guardian Ad Litem is hereby allowed a fee of $ 2,500.00 for representing the interest of said Minor Plaintiff, which fee shall be taxed as court costs herein.

It is further ORDERED by the Court that this Agreed Judgment is not to be considered evidence in any other case or legal proceeding or construed as an admission of liability on the part of Defendant, which liability has been and continues to be expressly denied.

The Defendant is dismissed with prejudice, and shall go hence without day. Plaintiffs' taxable court costs are taxed against the Defendant.

SIGNED on this 18 day of January, 2006.



JUDGE PRESIDING

**APPROVED AS TO FORM AND FOR ENTRY:**


_____
Juan Espinoza, Individually and as Next Friend
for Alejandra Espinoza, a Minor


_____
Richard Grainger
Attorney Ad Litem for Minor


_____
Christopher Ayres
Attorney for Plaintiffs


_____
Brent Howard
Attorney for Defendant